NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569
     Facsimile: (213) 894-0142
     E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

#### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  2:20-CV-01690 |
| )<br>           Plaintiff,        ) | COMPLAINT FOR FORFEITURE |
| )<br>           v.                ) | 18 U.S.C. §§ 981(a)(1)(A) and (C) |
| )<br>$2,318,800.00 IN U.S.        ) | and 984 and 21 U.S.C. § 881(a)(6) |
| CURRENCY SEIZED FROM TWO ) | [DEA] |
| SAFE DEPOSIT BOXES AND     ) | |
| $210,050.00 IN U.S.        ) | |
| CURRENCY,                  ) | |
| )<br>           Defendants.       ) | |

     Plaintiff United States of America brings this claim
against defendants $2,318,800.00 In U.S. Currency Seized From
Two Safe Deposit Boxes and $210,050.00 In U.S. Currency, and
alleges as follows:

JURISDICTION AND VENUE

1.    Plaintiff United States of America brings this in rem forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984 and 21 U.S.C. § 881(a)(6).

2.    This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3.    Venue lies in this District pursuant to 28 U.S.C. § 1395.

PERSONS AND ENTITIES

4.    The plaintiff in this action is the United States of America.

5.    The defendants in this action (collectively, the "defendant currency") are:

(a)    $2,318,800.00 In U.S. Currency Seized From Two Safe Deposit Boxes, which funds were seized by law enforcement officers during the July 8, 2019 execution of a State of California search warrant at U.S. Private Vaults at 9182 West Olympic Boulevard in Beverly Hills, California and consist of $1,448,700.00 seized from Michael Beaver's safe deposit box number 6515 at U.S. Private Vaults and $870,100.00 seized from Michael Beaver's safe deposit box number 7111 at U.S. Private Vaults; and

(b)    $210,050.00 In U.S. Currency seized by law enforcement officers on or about July 1, 2019 during a traffic stop conducted at 800 South Robertson Boulevard in Los Angeles, California of a 2018 Mercedes-Benz being operated by and registered to Matthew Beaver.

6.    The defendant currency is currently in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7.    The interests of Matthew Beaver may be adversely affected by these proceedings.

<u>BASIS FOR FORFEITURE</u>

8.    On July 1, 2019, law enforcement officers were conducting surveillance on Beaver, a suspected money launderer operating in the West Los Angeles area, and observed the following events.  At approximately 1:45 p.m., Beaver pulled his 2018 Mercedes-Benz into the parking lot of U.S. Private Vaults located at 9182 West Olympic Boulevard in Beverly Hills, California, exited his vehicle and entered the business carrying an empty or nearly empty flat canvas laptop-style bag.  Beaver remained inside U.S. Private Vaults for several minutes before exiting the business, again carrying the bag, but upon exiting the business the bag was now bulging on both sides and was significantly heavier then when Beaver had carried the bag into the business.

9.    Beaver then walked to his Mercedes-Benz, opened the trunk and manipulated items inside the trunk for several minutes as though he was trying to conceal the bag in the trunk.  He then secured the bag in and closed the trunk, entered the vehicle and drove away.

10.    After Beaver exited the parking lot in his vehicle, Beaver engaged in counter-surveillance driving maneuvers with his Mercedes-Benz.  Persons involved in drug trafficking often

engage in counter-surveillance driving techniques, in an effort
to determine whether law enforcement is conducting surveillance
by following the drug trafficker.  The counter-surveillance
techniques include driving through residential neighborhoods at
high rates of speed and in a circuitous manner, turning left
multiple lanes from the left hand turn lane through an
intersection, and driving several blocks through an alley.
Despite Beaver's counter-surveillance driving maneuvers,
officers were able to maintain surveillance on him and conducted
a traffic stop at 800 South Robertson in Los Angeles, California
after Beaver committed multiple California Vehicle Code
violations.

    11.  When officers first approached Beaver's vehicle after
Beaver stopped, officers found that Beaver was extremely nervous
and belligerent.  In addition, when Beaver handed officers his
California driver license and the vehicle's registration and
proof of insurance documents at officers' request, officers
noticed that Beaver was visibly shaking and breathing heavily.

    12.  Officers had a narcotic detection canine sniff the
exterior of Beaver's vehicle, and the canine alerted to the
trunk area and the passenger compartment.  Upon entering the
passenger compartment, the canine showed interest in a black
Gucci fanny pack situated on the front passenger seat.  When
officers opened the Gucci fanny pack, they found seven fully-
charged cellular telephones, and officers found Beaver to have
on his person one additional cellular telephone.  The presence
of multiple cellular telephones in an individual's possession is

an indicator of narcotic trafficking and money laundering activity.

13.   In addition, the canine alerted to a compartment in the trunk's floorboard, which means that the items situated within the compartment (i.e., the defendant $210,050.00 In U.S. Currency) had recently been in close proximity with narcotics. When officers opened the vehicle's trunk, officers discovered that the bag that officers had observed Beaver place in the trunk was not readily visible.  Instead, Beaver had concealed the bag in the trunk.

14.   Officers searched in the battery box, which was a factory-installed component of the floorboard where the canine had alerted, and found the bag with four loose stacks of U.S. currency that had likely been removed from the bag so that the compartment's hatch would close.  In addition, officers found another seventeen stacks of U.S. currency inside the bag, which funds together with the four stacks comprise the defendant $210,050.00 In U.S. Currency.  Those funds bore multiple indicia of narcotic trafficking and money laundering activity, including that the funds were stacked, bundled, rubber-banded, and were in mixed-denomination bills.

15.   Officers also found in the Gucci fanny pack three safe deposit box keys, located another safe deposit box key on a key chain, and determined that the four keys consisted of two identical keys for safe deposit box numbers 6515 and 7111, respectively, at U.S. Private Vaults.  Those safe deposit boxes, both of which were situated within the secure vault at U.S.

Private Vaults, were the largest available size of safe deposit boxes at U.S. Private Vaults.

16.   When officers executed a State of California search warrant at U.S. Private Vaults for the safe deposit boxes on July 8, 2019, officers found $1,448,700.00 in safe deposit box number 6515 and $870,100.00 in safe deposit box number 7111. Those funds bore multiple indicators of narcotic trafficking and money laundering, including that they were bundled in the same manner as the $210,050.00 seized by officers from Beaver on July 1, 2019, stacked and rubber-banded.  The narcotic detection canine alerted to the safe deposit box U.S. currency, which indicates that those funds, like those seized on July 1, 2019, had recently been in close proximity with narcotics.

17.   Furthermore, there are other indicia of narcotic trafficking and money laundering currency relative to the defendant currency in that Beaver lacks sufficient legitimate sources of income to support his acquisition and possession of the over $2.5 million in U.S. currency seized by officers from him.  According to information obtained from the California Employment Development Department, which is the California agency that receives employer reports regarding wages paid to California employees, there are no reported wages for Beaver for 2019 at least as of August 1, 2019, and approximately $122,000.00 was reported for Beaver for 2018.

18.   As mentioned above, a trained, state-certified narcotic detection canine alerted to the defendant currency. The canine was state-certified on or about June 4, 2019.  As of the alerts, the canine had received hundreds of hours of

training (including training after the canine's initial
certification) in the detection of cocaine, methamphetamine and
heroin, and the canine alerts to the scent of narcotics for
which the canine is trained.  The canine's training has included
routinely checking both circulated and uncirculated United
States currency, in order to ensure that the canine does not
alert to the actual odor of currency itself but instead to the
odor of controlled substances on the currency.  Since the
canine's certification, the canine has been responsible for the
location and seizure of controlled substances and United States
currency.

19.   Beaver is the only person with access to the above-
referenced safe deposit boxes at U.S. Private Vaults and no one
else had a key to those safe deposit boxes.  Moreover, in the
administrative forfeiture proceedings that typically precede the
filing of judicial forfeiture proceedings, Beaver averred under
oath that he is the sole and exclusive owner of the defendant
currency.

<u>FIRST CLAIM FOR RELIEF</u>

20.   Plaintiff incorporates the allegations of paragraphs
1-19 above as though fully set forth herein.

21.   Based on the above, plaintiff alleges that the
defendant currency represents or is traceable to proceeds of
illegal narcotic trafficking, was intended to be used in one or
more exchanges for a controlled substance or listed chemical, or
was used or intended to be used to facilitate a controlled
substance or listed chemical violation, in violation of 21
/ / /

U.S.C. § 841 <u>et</u> <u>seq.</u>  The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

SECOND CLAIM FOR RELIEF

22.  Plaintiff incorporates the allegations of paragraphs 1-19 above as though fully set forth herein.

23.  Based on the above, plaintiff alleges that the defendant currency constitutes or is derived from proceeds traceable to a controlled substance violation, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D).  The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

THIRD CLAIM FOR RELIEF

24.  Plaintiff incorporates the allegations of paragraphs 1-19 above as though fully set forth herein.

25.  Based on the above, plaintiff alleges that the defendant currency constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i) or (a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation.  The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).  In addition, to the extent that the defendant currency is not the actual monies or assets directly traceable to the illegal activity identified herein, plaintiff alleges that the defendant currency is identical property found in the same place as the property involved in the specified offense, rendering the defendant currency subject to forfeiture pursuant to 18 U.S.C. § 984.

FOURTH CLAIM FOR RELIEF

26.   Plaintiff incorporates the allegations of paragraphs 1-19 above as though fully set forth herein.

27.   Based on the above, plaintiff alleges that the defendant currency constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957(a), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation.   The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).   In addition, to the extent that the defendant currency is not the actual monies or assets directly traceable to the illegal activity identified herein, plaintiff alleges that the defendant currency is identical property found in the same place as the property involved in the specified offense, rendering the defendant currency subject to forfeiture pursuant to 18 U.S.C. § 984.

WHEREFORE, plaintiff United States of America prays:

(a)   that due process issue to enforce the forfeiture of the defendant currency;

(b)   that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c)   that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

/ / /

/ / /

/ / /

1      (d)   for such other and further relief as this Court may

2  deem just and proper, together with the costs and disbursements

3  of this action.

4  Dated: February 21, 2020      NICOLA T. HANNA
                               United States Attorney

5                               BRANDON D. FOX
                               Assistant United states Attorney

6                               Chief, Criminal Division
                               STEVEN R. WELK

7                               Assistant United States Attorney
                               Chief, Asset Forfeiture Section

8

9                                 _____

10                               VICTOR A. RODGERS
                               Assistant United States Attorney

11                               Asset Forfeiture Section

12                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, Justin W. Carlson, hereby declare that:

1.    I am a Special Agent with the Drug Enforcement Administration.

2.    I have read the above Complaint for Forfeiture and know the contents thereof.

3.    The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or was obtained pursuant to subpoena.    I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 4, 2020 at *Los Angeles*, California.

                                            Justin W. Carlson